[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-10559
Non-Argument Calendar
_____

D.C. Docket No. 1:18-cr-20621-FAM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JONEL JOSE TAVAREZ,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 11, 2019)

Before WILLIAM PRYOR, MARTIN and NEWSOM, Circuit Judges.

PER CURIAM:

Jonel Tavarez appeals his conviction and sentence of 24 months for making

a false statement to agents of the United States Customs and Border Protection

about the amount of cash he was carrying outside the United States. 18 U.S.C. § 1001(a)(2). Tavarez challenges the denial of his motion for a judgment of acquittal and the procedural and substantive reasonableness of his sentence. We affirm.

Tavarez challenges the denial of his motion for judgment of acquittal on a ground different from what he argued at trial, and his new argument is frivolous. Tavarez was indicted for making a false statement that he was carrying $400 when he was, in fact, carrying $200,419. He moved for an acquittal and argued that he did not lie to federal agents because he had $419 in his pocket and they did not inquire about cash in his baggage. *See* Fed. R. Crim. P. 29. He now argues that the evidence was insufficient to prove he knew he had $200,000 because he thought he was being truthful when, after being told he had to declare he was carrying cash in excess of $10,000, he eventually said he had $100,000. When a defendant raises a new argument on appeal, we review for plain error, *United States v. Hunerlach*, 197 F.3d 1059, 1068 (11th Cir. 1999), but there is no error here, plain or otherwise. The government had to prove, as Tavarez acknowledged at trial, that he was "lying when he sa[id], I have $400 on me." *See United States v. Toler*, 144 F.3d 1423, 1426 (11th Cir. 1998) ("the government must prove . . . [what] it charged in the indictment"). It did so.

Tavarez also repeats his argument that the evidence was insufficient to prove

he had the specific intent to make a false statement, but the district court also did not err by denying his motion for a judgment of acquittal with respect to that issue. A jury reasonably could infer from Tavarez's evasive behavior and inconsistent statements that he knowingly and willfully underreported the amount of cash that he was carrying. *See* 18 U.S.C. § 1001(a)(2); *see United States v. Clay*, 832 F.3d 1259, 1305, 1308–09 (11th Cir. 2016). Tavarez entered the jet bridge to board his flight to the Dominican Republic, but he retreated to the terminal gate after making eye contact with Agent Daniel Pierre as he inspected passenger's carry-on bags in the jet bridge. Tavarez made a telephone call as he backtracked, yet he told Agent Pierre that he doubled back to wait for a telephone call. After Tavarez reported that he was carrying "approximately $400" in cash, which corresponded to the $419 in his wallet, he became nervous, fidgety, and refused to make eye contact with the agent after being instructed to complete a declaration form. Tavarez's travel history registered several recent trips to the Dominican Republic, including a flight there earlier that month. Tavarez said he was carrying the cash for "business," yet he could not name the business. When pressed to declare how much cash he had, Tavarez equivocated by stating he had more than $10,000, followed by stating he had "about $10,000," and then declaring he had $100,000. The government presented ample evidence from which a reasonable jury could find that Tavarez deliberately made a false statement.

3

Tavarez's sentence is procedurally and substantively reasonable. Tavarez argues that the district court failed to explain its chosen sentence, but it stated that it considered the parties' arguments, in which they requested consideration of "the nature and circumstances of [Tavarez's] offense," his "personal history and characteristics," "the seriousness of [his] offense," the need to "promote[] respect for the law" and "to deter false statements," Tavarez's "agreement to [an] administrative forfeiture," and his family obligations and support. *See* 18 U.S.C. § 3553. The explanation was sufficient to establish that the district court had a "reasoned basis" for its sentencing decision. *See Rita v. United States*, 551 U.S. 338, 356 (2007). The district court also reasonably determined that the statutory sentencing factors warranted a sentence within Tavarez's recommended guideline range of 21 to 27 months. And Tavarez's sentence of 24 months is below his maximum statutory sentence of 5 years of imprisonment. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir.2008). The district court did not abuse its discretion.

We **AFFIRM** Tavarez's conviction and sentence.